UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANGELIQUE DYER-MARTIN                           CIVIL ACTION

VERSUS                                          NO. 07-7826

ALLSTATE  INSURANCE COMPANY                     SECTION "C" (4)


ORDER AND REASONS

This removed matter comes before the Court on the issue whether the jurisdictional

amount existed at the time of removal.   Having reviewed the record, the memoranda of

counsel and the law, the Court has determined that remand is appropriate for the

following reasons.

The plaintiff's petition concerns unpaid Katrina-related losses allegedly covered

under a homeowner's policy issued by the defendant.   This matter was removed on the

basis of diversity jurisdiction.

With regard to the existence of the jurisdictional minimum, the parties may neither

consent to nor waive federal subject matter jurisdiction.  Simon v. Wal-Mart Stores, Inc.,

193 F.3d 848 (5th Cir. 1999).  Bare assertions by the removing party are insufficient to

invest a federal court of jurisdiction.  Asociacion Nacional De Pescadores A Pequena

Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988

F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994).  Instead, the Fifth Circuit

advises the district courts that they should review their subject matter jurisdiction in

cases such as this.  Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).  In

order to remain in federal court, the removing parties must prove by a preponderance of

the evidence that the jurisdictional minimum exists.  Id.   This showing may be made by

either: (1) demonstrating that it is facially apparent that the claims are likely above the

jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding

of the jurisdictional minimum.  Id.  It is the recognized burden of the party invoking

jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in

view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be

made by the court of its own motion, to support the allegation."  St. Paul Mercury

Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General

Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681

F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

The defendant has not met its burden to show that the jurisdictional amount is

facially apparent for present purposes.  Its argument is based largely on the policy limits

as set forth in the petition:  $132,500 dwelling and $72,573 personal property, along with

the possibility of penalties.  In her supplemental memorandum, the plaintiff states that

her damages were determined to be at least $133,000 and that she has received

$23,585.83 under the policy, along with $107,887.43 in Louisiana Road Home funds.  (Rec.

Doc. 10).   She also states that she is seeking compensation for damages not recovered,

penalties and living expenses in amounts.   Under these circumstances, the Court finds

that the defendant has not made a showing "sufficiently particularized" to meet its

burden.

Based on the record and the law, the Court finds that the defendant has not

established subject matter jurisdiction.  In addition, the Court is mindful that removal

jurisdiction is strictly construed.  See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100

(1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293

(5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*,

§3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright,

A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter is REMANDED to the 22ND Judicial District

Court  for the Parish of St. Tammany, State of Louisiana for lack of jurisdiction under 28

U.S.C. § 1447(c).

    New Orleans, Louisiana, this 15th day of January, 2008.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE